## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BECKLEY

CHRISTOPHER ADAM JACKSON,

     Petitioner,

v.                                        CIVIL ACTION NO. 5:25-cv-00476

STATE OF WEST VIRGINIA and
PAUL BLUME and
RALEIGH COUNTY MAGISTRATE JUDGE and
RALEIGH COUNTY PROSECUTING ATTORNEY'S OFFICE and
John Gallagher,
*Head Prosecutor*, and
ASHLEY ACORD,
*Asst Prosecutor*, and
MARIE BECHTEL,
*Asst Prosecutor*, and
ATTORNEY GENERALS OFFICE
FOR THE STATE OF WEST VIRGINIA and
SOUTHERN REGIONAL JAIL
AND CORRECTIONAL FACILITY and
DAVID L. KELLEY,
*Commissioner*, and
DOUGLAS P. BUFFINGTON, II,
*Acting Cabinet Secretary*, and
CURTIS DIXON,
*Jail Superintendent*, and
ANDREW HUDSON,
*Jail Deputy Superintendent*, and
WEXFORD HEALTH SOURCES, INC.,
*Et Alt*, and
ANTHONY SALVATORE,
*Esq.*, and
VALERIE BROWN,
*Jail Unit Manager*,

     Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiff Christopher Adam Jackson's Application to Proceed Without Prepayment of Fees and Costs. [ECF 1] and Complaint [ECF 2-1], both filed July 30, 2025.

**I.**

On July 30, 2025, Mr. Jackson filed an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF 1] and a motion styled "Joint Motion for an Emergency Medical Injunction, Enjoinment of State's Criminal Proceedings to Federal District Court, and Bond Reinstatement/Modification," [ECF 2-1], which the Court has construed as a Complaint. [*See* ECF 5 at 1]. Generously construed, the action stems from allegations of unconstitutional conditions of confinement and inadequate medical care at the Southern Regional Jail amounting to Fourteenth Amendment violations. [*See* ECF 2-1; *see also* ECF 7 at 1].

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). On August 1, 2025, Magistrate Judge Aboulhosn entered an order informing Mr. Jackson that his application was deficient. [ECF 6]. The Court ordered Mr. Jackson to "either pay the filing and administrative fee totaling $405 or file a proper application" curing the deficiency by no later than September 2, 2025. [*Id.*]. The Court's order expressly warned Mr. Jackson that failure to comply as directed "will result in a recommendation of dismissal of this matter . . . pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure[.]" [*Id.*]. Also on August 1, 2025, the Court entered a separate order informing Plaintiff that his Complaint was deficient and requiring Mr. Jackson to amend his Complaint by September 2, 2025, "to specifically set forth his constitutional claims and state specific facts as to how each defendant violated his constitutional rights." [ECF 7]. The Court's order, once again, informed Mr. Jackson

2

that failure to timely comply "will result in a recommendation of dismissal of this matter[.]" [*Id.* at 5]. The orders were mailed to Mr. Jackson at the following address: Christopher Adam Jackson SOUTHERN REGIONAL JAIL AND CORRECTIONAL FACILITY 1200 Airport Road Beaver, WV 25813. The orders were not returned to the Court as undeliverable. Mr. Jackson failed to comply with the Court's orders.

On December 2, 2025, this matter was transferred from Magistrate Judge Aboulhosn to Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R"). Further, on December 2, 2025, Mr. Jackson's address was updated pursuant to a filing in a separate case containing a different address for Mr. Jackson. Magistrate Judge Tinsley filed his PF&R on December 4, 2025. [*See* ECF 11]. Magistrate Judge Tinsley recommended the Court find Mr. Jackson failed to prosecute this action and dismiss without prejudice pursuant to *Federal Rule of Civil Procedure* 41(b) inasmuch as he had "repeatedly failed to comply with direct orders." [*Id.* at 4–5]. Objections in this case were due on December 22, 2025. On December 29, 2025, Mr. Jackson filed an untimely objection contending he did not intend to abandon his case, but that his failure to comply "was the result of [his] . . . incarceration" and lack of notice inasmuch as he did not receive the orders entered August 1, 2025. [*See* ECF 12].

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's

right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460.

### III.

#### A.    *Nonreceipt of August 1, 2025 Orders*

Mr. Jackson objects to the dismissal of his case inasmuch as he asserts the August 1, 2025, orders were "mailed to [him] at [SRJ] but were never delivered." [ECF 12 at 2]. The Court presumes Mr. Jackson received the August 1, 2025, orders, *see Hull v. United States*, 146 F.3d 235, 239 (4th Cir. 1998) (acknowledging that "mailing may create a presumption of receipt . . . ."), but "the presumption [of receipt] may be rebutted." *Id.*; *see also Woody v. Nance*, 108 F.4th 232, 238 (4th Cir. 2024) (citation omitted) ("Though the moving party bears the burden of demonstrating non-receipt, the presumption of receipt is not strong."). The Court notes the August

1, 2025, orders were not returned to the Court as undeliverable, and Mr. Jackson's characterization indicates he remained incarcerated at the time the orders were mailed to him. Nevertheless, Mr. Jackson's specific denial of receipt will be deemed, in this single instance, to rebut the presumption and discharge his burden of non-receipt. *See Woody*, 108 F.4th at 238.

**B.     *Notice Regarding Refiling***

Mr. Jackson is **NOTIFIED** that if he wishes to proceed with his claims, he must file an amended complaint on or before **July 10, 2026**. In amending his complaint, he is further **NOTIFIED** that it will be insufficient for him to simply refer to the original complaint, or additional documentation, or to incorporate the same by reference. The amended complaint will supersede the original complaint and there must be one integrated document that will provide the Defendants with notice of the claims and allegations against them. The amended complaint shall name "persons" as defendants and state specific facts as to how each defendant violated Mr. Jackson's constitutional rights.

Mr. Jackson is further **NOTIFIED** that he must either pay the Court's filing fee ($350) and administrative fee ($55) totaling $405 or file a proper Application to Proceed Without Prepayment of Fees and Costs by **July 10, 2026**. Failure to either (1) pay the filing and administrative fee totaling $405, or (2) file an Application to Proceed Without Prepayment of Fees and Costs by **July 10, 2026**, will result in dismissal of this matter without prejudice pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure* and Rule 41.1 of the *Local Rules of Civil Procedure* for the Southern District of West Virginia. The Clerk is **ORDERED** to mail a copy of this Order, an Application to Proceed Without Prepayment of Fees and Costs, and a form Complaint to Mr. Jackson. Again, Mr. Jackson is given until **July 10, 2026**, to file his amended

complaint and either pay the Court's filing fee ($350) and administrative fee ($55) totaling $405 or file an updated Application to Proceed Without Payment of Fees.

### IV.

Accordingly, the Court **SUSTAINS** the Objection, [**ECF 12**], declines to adopt the PF&R [**ECF 11**], and **ORDERS** the case **REFERRED** anew to Magistrate Judge Tinsley under the terms of the original referral order.

The Court directs the Clerk to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTER:  June 23, 2026

Frank W. Volk
Chief United States District Judge

6